UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

| | |
|---|---|
| IN RE PRADAXA ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY ) | Judge David R. Herndon |
| LITIGATION ) | |

_____

**This Document Relates to:**

*Marlene Baker v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* No. 3:14-cv-50002-DRH-SCW

### ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

This matter is before the Court on the plaintiff's motion for voluntary dismissal (Doc. 5) and Boehringer Ingelheim Pharmaceuticals Inc.'s ("BIPI") response thereto and cross motion to show cause why the above captioned cases should not be dismissed with prejudice for failure to comply with Case Management Order Number 78 ("CMO 78") (MDL 2385 Doc. 519) (Doc. 7). The plaintiff has responded to the cross motion to dismiss with prejudice (Doc. 8).

For the reasons described herein the plaintiff's motion to dismiss is **DENIED. FURTHER,** BIPI's motion to dismiss with prejudice for failure to comply with CMO 78 is **GRANTED.**

Accordingly, the matter is **DISMISSED WITH PREJUDICE**.

## II. BACKGROUND

On May 29, 2014, the Court entered CMO 78. The provisions in CMO 78 are the result of an extensive mediation between the Pradaxa MDL Plaintiffs' Leadership Counsel and the Boehringer Defendants. The negotiations, supervised by the Special Master and this Court, were vigorous, at arm's length, and in good faith.

CMO 78 applies to all plaintiffs (1) with personal injury claims pending in this MDL at the time CMO 78 was entered and (2) who did not opt-in to the voluntary settlement program (by opt-in deadline of July 9, 2014), as well as (3) all plaintiffs with personal injury claims later filed in, removed to, or transferred to this MDL after the entry of CMO 78.

Pursuant to Section I.A. of CMO 78, plaintiffs are required to send a written notice to pharmacies and healthcare providers requesting preservation of records. CMO 78 also requires service of a signed certification verifying that all notices were sent as required. Sections II.A.- C. of CMO 78 require plaintiffs to produce a number of documents and things. Finally, Sections II.D. and E. of CMO 78 require that plaintiffs produce certain expert reports no later than thirty (30) days after the Opt-In Deadline, or by September 11, 2014.

Pursuant to CMO 78, defendants notify plaintiffs who are not in compliance with the above listed requirements. After receiving such notice, plaintiffs are given

a certain amount of time to cure the identified CMO 78 deficiencies ("Cure Period"). The Cure Period is <u>the only extension permitted</u> under CMO 78.[1] If the subject plaintiff fails to cure the identified deficiencies during the Cure Period, defendants "may file a Motion to Show Cause why the case should not be dismissed with prejudice." (Doc. 519 §§ I.D., II.G.). Upon the filing of such a motion, the plaintiff has "twenty (20) days to respond to the Motion and show good cause why the case should not be dismissed" (Doc. 519 §§ I.D., II.G.). "Any failure to respond to the Motion within the specified period shall lead to dismissal of the case with prejudice." (Doc. 519 §§ I.D., II.G.).

**B. The Above Captioned Case**

The above captioned case was filed directly into MDL 2385 (in accord with CMO 7) on January 2, 2014. As an action filed in the MDL prior to the voluntary settlement program deadline of July 9, 2014, the plaintiff was required to opt-in to the master settlement, request an extension for more time to opt-in, or abide by the requirements of CMO 78. Plaintiff sought and was granted an extension until August 8, 2014 to opt-in to the settlement (Doc. 7-1). However, the plaintiff did not submit her Opt-In Form until August 13, 2014 (Doc. 7-1). The claims administrator contacted the plaintiff's counsel on October 9, 2014 and informed

---

[1] CMO 78 states, in relevant part as follows: (1) as to Section I, "[a]ny Plaintiff who fails to fully comply with the requirements of Paragraphs A, B, and C above shall be provided notice of such failure by email or fax from Defendants' counsel and shall be provided fourteen (14) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted unless agreed to by all parties"; (2) as to Section II, any plaintiff who fails to comply "shall be given notice of such failure by email or fax from Defendants' counsel and shall be provided twenty (20) additional days to cure such deficiency ("Cure Period") to be calculated from receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted" (Doc. 519).

counsel that the *parties*[2] had not agreed to allow the plaintiff to opt-in to the settlement. Consequently, the plaintiff was subject to the requirements of CMO 78 (Doc. 7-1).

As set forth in BIPI's cross motion to dismiss, the plaintiff did not fulfill the CMO 78 requirements within the applicable time periods. Therefore, on November 19, 2014, BIPI sent the plaintiff's counsel a deficiency letter (Doc. 7-2). On December 8, 2014, the day before the expiration of the CMO 78 deficiency cure period, instead of producing the various information and documents required by CMO 78 to avoid dismissal *with* prejudice, the plaintiff filed a motion requesting the Court dismiss her case *without* prejudice (Doc. 5). BIPI objected and filed a cross motion to dismiss *with* prejudice (Doc. 7).

BIPI contends the plaintiff's motion should be denied because her claims are subject to dismissal with prejudice for failing to fulfill the requirements of CMO 78 (Doc. 7).

The plaintiff filed a response to BIPI's cross motion arguing that her claims should not be dismissed with prejudice because 1) the plaintiff's motion is well founded and filed in good faith and 2) BIPI will not be prejudiced by an order of dismissal without prejudice. In support of her contentions, the plaintiff offers the following facts.

---

[2] The plaintiff states that the *defendants* declined to accept the late opt-in form. However, the decision was not made by the defendants alone. The *parties to the settlement agreement*, in conjunction with the Special Master, declined to accept the late opt-in form. As the Court has explained in previous orders, with regard to the settlement agreement, the Court's role is to enforce the settlement agreement as written.

The plaintiff did not intentionally opt-out of the settlement. The plaintiff retained counsel in March of 2012. After evaluating the plaintiff's claim, counsel filed the above captioned case on January 2, 2014. Subsequently, counsel made numerous attempts to contact the plaintiff in order to comply with applicable deadlines. All attempts to contact the plaintiff remained unanswered.

At some point, the plaintiff's daughter, Alana Baker, happened across communications sent to the plaintiff. Upon locating the communication, the plaintiff's daughter informed counsel that the plaintiff died on December 10, 2012. The plaintiff's daughter sent counsel a death certificate for the plaintiff and a signed Plaintiff Fact Sheet. Counsel then sent the opt-in release form to be completed by Alana Baker. Thereafter, counsel was unsuccessful at locating Alana Baker, despite numerous letters and phone calls.

On August 13, 2014 (5 days after the extended Opt-In deadline), Alana Baker sent executed release papers to counsel.

### III. ANALYSIS

Permitting a plaintiff to voluntarily dismiss an action without prejudice, under Rule 41(a)(2) of the Federal Rules of Civil Procedure, is a decision within the sound discretion of the district court. *See Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992). A district court also has the discretionary power to deny a plaintiff's request to voluntarily dismiss a claim without prejudice. *Tolle*, 23 F.3d, at 177;

*Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1993). Rule 41(a)(2) requires a plaintiff "to persuade the district court and to establish that voluntary dismissal is warranted." *Tolle*, 23 F.3d at 177.

The plaintiff urges the Court to exercise its discretion and grant her motion for voluntary dismissal without prejudice because, among other things, she acted in good faith and BIPI will not be prejudiced. Ordinarily, the arguments asserted by the plaintiff would be compelling. However, management of complex litigation commonly requires imposing procedures and limitations that do not exist in ordinary cases. In the instant case, the procedures and limitations in issue are those imposed by CMO 78.

Plaintiff does not dispute the fact that she failed to comply with CMO 78. As discussed above, the terms of CMO 78 require strict compliance. Pursuant to CMO 78, non-compliant parties are subject dismissal with prejudice absent a showing of good cause for the non-compliance. As the Court has stated in the past, the Court's role with regard to the settlement agreement and orders related thereto is to enforce the agreements as written.

Here, plaintiff's attorneys were diligent in their attempts to communicate with the plaintiff and her daughter in order to comply with applicable requirements and deadlines. Unfortunately, the requisite materials were not given to plaintiff's attorneys in a timely manner and as a result, the plaintiff is not in compliance with CMO 78. No explanation is provided with regard to why the

plaintiff's daughter lost touch with her deceased mother's attorneys after providing them with the death certificate or signed Plaintiff Fact Sheet. Nor is any explanation offered with regard to why the plaintiff's daughter failed to timely submit the opt-in release form sent by her mother's attorneys.

The information contained in plaintiff's responsive pleading simply does not present the Court any ground for finding good cause for the non-compliance. *See Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.,* 28 F.3d 42, 46 (7th Cir. 1994) (rejecting as good cause an attorney's difficulties communicating with his client). *See also Connecticut Nat. Mortg. Co. v. Brandstatter* 897 F.2d 883, 884-885 (7th Cir. 1990) (rejecting as good cause "routine back-office problems").

### IV. CONCLUSION

For the reasons discussed herein, the plaintiff's motion for voluntary dismissal without prejudice (Doc. 5) is **DENIED.** The defendants' motion to show cause why the above captioned cases should not be dismissed **with** prejudice for failure to comply with CMO 78 (Doc. 7) is **GRANTED**. Accordingly, the matter is

**DISMISSED** with **prejudice**.

**FURTHER**, the Court instructs the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 7th day of January, 2015.

David R. Herndon
2015.01.07
19:27:20
-06'00'

**District Judge**
**United States District Court**